SUMMARY ORDER

Xiao Yan Dong seeks review of a July 19, 2007 order of the Board of Immigration Appeals (“BIA”) affirming the November 18, 2005 decision of Immigration Judge (“IJ”) Stephen R. Abrams denying Dong’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xiao Yan Dong, No. A 98 648 027 (B.I.A. July 19, 2007), aff'g No. A 98 648 027 (Immig. Ct. N.Y. City Nov. 18, 2005). We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
When the BIA affirms the IJ’s decision in all respects but one and supplements the IJ’s decision, we review the IJ’s decision as modified and supplemented by the BIA decision. Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005); Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); *48 see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 100 (2d Cir.2008).
The agency ruled (i) that Dong’s 1999 detention and beating for supporting Fa-lun Gong did not amount to persecution, and (ii) that she has no claim based on her illegal departure from China. Dong has not challenged these rulings. We therefore deem them waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
“[A] person who has been forced to abort a pregnancy ... shall be deemed to have been persecuted on account of political opinion.” 8 U.S.C. § 1101(a)(42). Dong argues that she suD fered an involuntary abortion at the hands of the Chinese government when she miscarried after she stumbled while fleeing from village cadres. The agency ruled that Dong failed to establish persecution because she did not allege that the cadres directly caused her miscarriage. The record supports this ruling. Nor has Dong established a well-founded fear of future persecution under China’s family planning policy, given that Dong admits she is not currently in violation of that policy. See Jian Xing Huang v. INS, 421 F.3d 125, 128-29 (2d Cir.2005). Accordingly, because Dong has established neither past persecution nor future persecution based on China’s family planning policy, there is no error in the agency’s denial of her asylum claim on that ground. See 8 U.S.C. § 1101(a)(42).
Although Dong has waived any argument that her 1999 detention and beating for supporting Falun Gong constituted past persecution, she argues that the agency ignored evidence establishing her well-founded fear of future persecution based on her past practice of Falun Gong. We do not require an IJ or the BIA to address every piece of evidence in the record, and we “presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.” Xiao Ji Chen v. Dep’t of Justice, 471 F.3d 315, 336 n. 17 (2d Cir.2006). Given that Dong was not persecuted for her prior involvement in Falun Gong, and in light of her testimony that she is not currently a member of any Falun Gong organization, there is no error in the finding that Dong lacks a well-founded fear of future persecution.
Because Dong has not shown the objective likelihood of persecution needed to make out an asylum claim, she has not met the higher standard required to succeed on her claims for withholding of removal and relief under the CAT to the extent those claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Kyaw Zwar Tun v. INS, 445 F.3d 554, 567 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).